COMMISIONERS SHAWNEE COUNTY v. J. B. WHITTAKER.

*Error from Shawnee County.*

FEES: COUNTY SURVEYOR'S.—The county surveyor is entitled to two dollars each for "certified returns of a survey of a road," and for a plat of the same furnished to the road viewers. *Gen. Stat*, 480, ¿ 8; *id.*, 899, ¿ 6.[*]

The facts of the case sufficiently appear in the opinion of the court.

*T. Ryan*, for plaintiff in error.

*A. H. Case*, for defendant in error.

*Ryan for plaintiff*, submitted:

The plat and the certificate of survey are properly

---

[*] SURVEYOR'S REPORT: PLAT.—In section six [Gen. Stat., 899] a distinction is made between a surveyor's "report" and his "plat."

included in the item (complete report of survey $2,)
which was allowed. *Gen. Stat.*, 480, § 8.

The court below impliedly finds that there is no ser-
vice known to the law to be compensated by the allow-
ance of the last mentioned item, while the plaintiff claims
that the plat and the certificate of survey which defend-
ant is required to deliver to the viewers must be held to
be the "complete report of survey" contemplated by
section eight above cited, else that item in this section
provided, is wholly inoperative. The viewers make the
report, and the plat and certificate of survey delivered to
them by the surveyor are embraced in and constitute a
part of that report. *Id.*, 899, § 6.

. It is admitted that these surveys were "made by
authority for the county." All the law has operation if
the plat and the certificate of survey are held to be the
"complete report of survey" mentioned in section eight
above cited.

*Case, for defendant,* submitted:

The county admits the services and the authority to
perform the same. The statute prescribes the compensa-
tion. Section six [*Gen. Stat.*, 899] settles the question
that the report does not include the plat.

*By the Court,* KINGMAN, C. J.

The defendant in error is county surveyor of Shawnee
county. He was ordered by the board of county com-
missioners of said county to make certain road surveys,
which he did, and presented his fee bill therefor, for
allowance. The board allowed a part of the charges
and disallowed others. From the decision disallowing a
part of his claim the defendant in error appealed to the

district court. That court allowed him a part of the rejected claims and gave judgment accordingly, from which decision the plaintiff in error appeals to this court for a final settlement of the case.

Co. Surveyor's Fees.

The district court allowed the surveyor for one plat furnished to viewers two dollars, and for a certified return of survey furnished by him to the road viewers two dollars.

It is admitted that the services were rendered by order of the board. The only error insisted on is the allowance of two dollars for the plat furnished the owners. It is claimed that the law does not authorize such a charge.

Section eight, page four hundred and eighty, general statutes, regulates the fees and provides that for making out complete report in all surveys made by authority of county or township the surveyor shall receive two dollars, and for copy of plat of land two dollars. Did this section stand alone we should be inclined to hold that a complete report of the survey included also a copy of the plat; but section six, page eight hundred and ninety-nine, general statutes, prescribes the duties of a surveyor in road cases. He is directed to survey the proposed route. His duties in that respect are minutely defined. He is there required to make out both a certified return of the survey of the road, and a plat of the same. In this section the statute seems to make a distinction between the report of the survey and the plat as constituting two separate things. This distinction we do not feel at liberty to disregard or to substitute our own judgment that the report of the survey includes the plat, for the declaration of the statute and with much hesitation we decide that the surveyor is authorized to charge for each separately

two dollars. And this being the decision of the court below, the judgment is affirmed.

All the justices concurring.